1 │ BLANK ROME LLP
    Cheryl S. Chang (SBN 237098)
2 │ Alice M. Hodsden (SBN 340796)
    2029 Century Park East, 6th Floor
3 │ Los Angeles, CA 90067
    Telephone:   (424) 239-3400
4 │ Facsimile:   (424) 239-3434

5 │ Attorneys for Defendant
    *Midland Credit Management, Inc.*
6

7

8 │                    **UNITED STATES DISTRICT COURT**

9 │                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11 │ KARINA FELIX LOPEZ,                     Case No. 2:22-cv-00243-SVW-KS

12 │                     Plaintiff,          *Assigned to the Hon. Stephen V.*
                                            *Wilson*
13

14 │ v.                                      **DEFENDANT MIDLAND CREDIT**
                                            **MANAGEMENT, INC.'S**
15 │ MIDLAND CREDIT MANAGEMENT,              **ANSWER AND AFFIRMATIVE**
     INC.,                                  **DEFENSES TO THE FIRST**
16 │                                        **AMENDED COMPLAINT**

17 │                     Defendant.

18 │                                         **JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

158411.01400/128515081v.2
**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

Defendant Midland Credit Management, Inc. ("MCM"), by counsel, submits the following Answer and Affirmative Defenses ("Answer") to the First Amended Complaint ("Complaint") filed by Plaintiff Karina Felix Lopez ("Plaintiff")

## INTRODUCTION

1.     The allegations set forth in Paragraph 1 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.  To the extent that any factual allegations are included, such allegations are denied, and strict proof thereof is demanded.

2.     Paragraph 2 of the Complaint is a characterization of this action, and such allegations are not subject to denial or admission. To the extent a response is required, MCM denies that Plaintiff has any basis in fact or law to maintain this action against MCM.

3.     The allegations set forth in Paragraph 3 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent that any factual allegations are included, such allegations are denied, and strict proof thereof is demanded.

4.     The allegations are another characterization of this action and such allegations are not subject to denial or admission. To the extent a response is required, MCM denies that Plaintiff has any basis in fact or law to maintain this action against MCM.

5.     The allegations set forth in Paragraph 5 of the Complaint are denied.

6.     The allegations set forth in Paragraph 6 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent that any factual

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

allegations are included, such allegations are denied, and strict proof thereof is demanded.

## JURISDICTION AND VENUE

7.     The allegations set forth in Paragraph 7 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent that any factual allegations are included, such allegations are denied, and strict proof thereof is demanded.

8.     The allegations set forth in Paragraph 8 of the Complaint are another characterization of this action and such allegations are not subject to denial or admission. To the extent a response is required, MCM denies that Plaintiff has any basis in fact or law to maintain this action against MCM.

9.     The allegations contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.  To the extent that any factual allegations are included, such allegations are denied, and strict proof thereof is demanded.  MCM is without sufficient information or knowledge to form a belief as to the truth of the allegations regarding the location where the "acts and transactions" occurred or where Plaintiff resides, and therefore denies the same.

## FDCPA

10.    The allegations set forth in Paragraph 10, including subsections (a) – (e), of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

11.    The allegations set forth in Paragraph 11 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

12.     The allegations set forth in Paragraph 12 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## PARTIES

13.     The allegations also contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.  Without limiting or waiving the forgoing, MCM admits only that plaintiff is a natural person. MCM is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint regarding Plaintiff's residency, and therefore denies the same.

14.     MCM admits only that it is a Kansas corporation. The remaining allegations in Paragraph 14 of the Complaint, including that MCM is a " 'Debt Collector' as that term is defined by 15 U.S.C. § 1692a(6)", contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## FACTUAL ALLEGATIONS

15.     MCM is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint regarding Plaintiff's residency, and therefore denies the same.

16.     The allegations set forth in Paragraph 16 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent that any factual allegations are included, such allegations are denied, and strict proof thereof is demanded.

17.     The allegations set forth in Paragraph 17 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent that any factual

allegations are included, such allegations are denied, and strict proof thereof is demanded.

18.     The allegations set forth in Paragraph 18 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent that any factual allegations are included, such allegations are denied, and strict proof thereof is demanded.

19.     The allegations of Paragraph 19 of the Complaint purports to generally characterize the contents of a writing that speaks for itself, and any characterizations or interpretations inconsistent with its terms are denied.

20.     The allegations of Paragraph 20 of the Complaint purports to generally characterize the contents of a writing that speaks for itself, and any characterizations or interpretations inconsistent with its terms are denied.

21.     The allegations of Paragraph 21 of the Complaint purports to generally characterize the contents of a writing that speaks for itself, and any characterizations or interpretations inconsistent with its terms are denied.

22.     The allegations set forth in Paragraph 22 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

## ACTUAL DAMAGES

23.     The allegations set forth in Paragraph 23 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent a response is deemed to be required, the allegations set forth in Paragraph 23 of the Complaint are denied. MCM denies that Plaintiff is entitled to any damages, whatsoever.

/ / /

/ / /

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

## CAUSE OF ACTION CLAIMED BY PLAINTIFF
## VIOLATIONS OF § 1692e OF THE FDCPA

24.     MCM incorporates by reference its response to the foregoing paragraphs of Plaintiff's Complaint as though fully set forth herein.

25.     The allegations set forth in Paragraph 25 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

26.     The allegations set forth in Paragraph 26 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent a response is deemed to be required the allegations set forth in Paragraph 26 of the Complaint are denied.

## PRAYER FOR RELIEF

MCM denies that Plaintiff is entitled to the relief sought in the unnumbered WHEREFORE paragraph, including subsections (a) – (e), following Paragraph 26 of the Complaint. MCM denies that Plaintiff is entitled to any relief, whatsoever.

## TRIAL BY JURY IS DEMANDED

MCM admits that Plaintiff demands a trial by jury on all issues so triable.

MCM denies that plaintiff is entitled to any relief, whatsoever.

MCM denies all allegations not specifically admitted herein.

MCM reserves the right to rely upon any all defenses as may become known trough discovery or at trial.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against MCM and fails to state facts sufficient to entitle Plaintiff to the relief sought.

2.     Plaintiff lacks the ability to demonstrate sufficient harm under Article III of the United States Constitution.

3.      Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided because Plaintiff failed to take reasonable steps to mitigate any purported damages with respect to the matters alleged in the Complaint.

4.      Assuming *arguendo* that MCM violated the FDCPA, which Defendant denies, such violation was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.  *See* 15 U.S.C. § 1692k.

5.      Any purported improper activity by MCM, which is denied, was not material and did not negatively impact Plaintiff in any manner.

6.      The foregoing affirmative defenses are raised by MCM without waiver of any other defenses that may develop during the course of discovery and MCM reserves its right to amend and/or supplement this Answer to assert such additional defenses as they become available.

**Wherefore**, Defendant Midland Credit Management, Inc. respectfully requests that this Court dismiss all of Plaintiff's claims with prejudice, enter judgment in favor of MCM and against Plaintiff, and award MCM such other and further relief as the Court may deem just and appropriate.

DATED: March 14, 2022          BLANK ROME LLP

By: */s/ Cheryl S. Chang*
     Cheryl S. Chang
     Alice M. Hodsden

*Attorneys for Defendant*
*Midland Credit Management, Inc.*

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 14, 2022, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 14, 2022.

By:   /s/AJ Cruickshank

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT**